HARDY, Judge.
Plaintiff brought this suit for the recovery of damages for personal injuries resulting from an automobile accident, and has appealed from judgment rejecting his demands. Named as defendants were Robert M. Echols and his liability insurance carrier. In answer Echols asserted a recon-ventional demand for damages to his automobile, and, by answer to plaintiff’s ap *459 peal, seeks the allowance of this claim which was rejected by the trial judge.
The accident occurred on Louisiana Highway No. 15 at or near the intersection of a gravel road. Both vehicles, a stake-bodied truck driven by plaintiff and a Ford sedan driven by defendant, Echols, were moving south on the highway, and as they approached the intersecting road the driver of the track attempted to make a left turn across the east lane of the highway and into the gravel road. In the course of this operation the truck was struck by the Echols car, which was moving in the east lane in an attempt to pass the Flint vehicle. The collision occurred in the east lane, causing very slight damage to the truck and somewhat substantial damages to the Echols automobile, which according to the testimony of the witnesses, including that of plaintiff himself, was brought to a stop within some five or six feet beyond the point of impact.
Plaintiff charges the defendant, Echols, with driving at an excessive speed, failing to perceive his left turn signal, and in attempting a passing movement in an area where warning signals gave notice of a road intersection. Counter charges of negligence against the_ plaintiff, Flint, including the allegation that he attempted a left turn without giving a proper warning signal and without making careful observation' of following traffic, were asserted by the defendant, Echols.
In written reasons for judgment the district judge found both drivers guilty of concurring negligence which caused the accident. Our examination of the record leads to the same Conclusion.
Depite plaintiff’s insistence that he gave a left turn signal, this fact is stoutly denied by defendant, his wife and one of his two sons, all of whom were passengers in his car at the time. It is the further testimony of these witnesses that Echols sounded his horn before beginning the passing movement, and, at the time, was traveling at a speed of fifty to fifty-five miles per hour. The only evidence of excessive speed on the part of Echols is found in the opinion of the investigating State Trooper, who, on the basis of skidmarks, reached the conclusion that the Echols car was traveling at a speed of some seventy miles per hour. We think this conclusion erroneous in view of the evidence above noted, to the effect that the Echols car was brought to a stop almost immediately upon impact and, secondly, because the comparatively moderate damage to the vehicles does not sustain the conclusion of a highly excessive rate of speed of the Echols car. In any event, speed would be merely a cumulative factor and would not detract from the effect of the concurring negligence of both drivers.
We think it is abundantly clear that plaintiff was guilty of negligence in attempting a left turn in the path of a passing vehicle whose approach he could and should have observed. According to plaintiff’s testimony he had perceived the Flint automobile some three or four hundred yards to his rear, and it is obvious that he did not keep the vehicle under proper and careful observation as he attempted execution of the dangerous left turn maneuver. It is equally apparent that defendant, Ech-ols, was attempting a passing movement in a restricted zone, which convicts him of negligence constituting a concurring and contributing cause of the accident.
The facts as found by the trial judge, in which we concur, do not admit of the application of the doctrine of last clear chance.
Before this Court defendants, in answer to the appeal, have further complained of that portion of the judgment which divided the costs between the parties. We think this action constituted error, in view of the fact that the principal demand was asserted by plaintiff and the reconventional demand was purely incidental. To this extent the judgment should be amended. Aside from this point we find *460 no error, manifest or otherwise, in the judgment appealed from, and, accordingly,
It Is Ordered, Adjudged and Decreed that the said judgment be amended by taxing all costs of both courts against plaintiff, and as amended that it be affirmed.